**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUSTEST REY E. LEIVA GRIFFITHS, | No. 24-2209 |
| Petitioner, | Agency No. A046-467-932 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2026**

Before: WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Hustest Rey E. Levia Griffiths, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

The agency did not abuse its discretion in determining that Leiva Griffiths' convictions under California Penal Code §§ 245(a)(1) and 245(a)(4) were particularly serious crimes that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 (review limited to ensuring agency relied on the appropriate factors and proper evidence); *Anaya-Ortiz v. Holder*, 594 F3d 673, 678 (9th Cir. 2010) ("[A]ll reliable information may be considered in making a particularly serious crime determination . . . ." (citation and internal quotation marks omitted)). We reject as unsupported by the record Leiva Griffiths' contention that the agency did not consider evidence of his mental health condition. Thus, Leiva Griffiths' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Leiva Griffiths failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Wakkary v. Holder*, 558

F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

**PETITION FOR REVIEW DENIED.**